IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> v. <br><br><br> **REGINALD DONDRALE BAILEY,** <br><br> **Defendant.** | Case No. 25-CR-152-JFH-1 |

## OPINION AND ORDER

Before the Court is the United States of America's (the "Government") Notice of Intent to Admit Evidence under Federal Rule of Evidence 404(b) ("Rule 404(b) Notice") [Dkt. No. 37] and Notice of Intent to Introduce Evidence under Federal Rule of Evidence 609 ("Rule 609 Notice"). Dkt. No. 38. Defendant Reginald Dondrale Bailey ("Defendant") did not file a pretrial objection to either Notice. However, in the interest of judicial and trial efficiency, the Court provides its preliminary rulings on the admissibility of the evidence described in the Government's Notices.

## BACKGROUND

On August 13, 2025, a federal grand jury indicted Defendant on one count of Drug Conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and one count of Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. Dkt. No. 2.

On August 28, 2025, the Government filed its Rule 404(b) Notice and its Rule 609 Notice. Dkt. Nos. 37-38. The Government notices that it seeks to admit Defendant's two prior convictions. The first conviction was a 2013 state felony conviction for unlawful delivery of methamphetamine in violation of 63 Okla. Stat. § 2-401(B)(1). *Id.* Defendant pled guilty and was sentenced on

1

September 9, 2013, to one-hundred months incarceration.  *Id.*  Defendant was discharged from confinement on December 24, 2016.  *Id.*

Defendant's second conviction was a 2021 state misdemeanor conviction for uttering a forged instrument in violation of 21 Okla. Stat. § 1592.  *Id.*  Defendant pled guilty on November 4, 2021, to uttering or publishing as true a check made out to himself with the intent to cheat and defraud, while knowing that the check was forged, altered, and/or counterfeit.  Dkt. No. 37 at 2.  Defendant was ultimately ordered to pay a $50.00 fine.  Dkt. No. 38 at 1.  Defendant did not file any pretrial objections to these Notices by his October 27 deadline.  Dkt. No. 51.

## DISCUSSION

### I.     THE GOVERNMENT'S RULE 404(b) NOTICE

The Court will first address the Government's Rule 404(b) Notice.  Under Rule 404(b), evidence of other crimes or bad acts is inadmissible to prove a defendant's "character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, such evidence may be admissible for other purposes, such as to demonstrate motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). In weighing the admissibility of evidence under Rule 404(b), the Court must consider the following: (1) whether the evidence is offered for a proper purpose; (2) its relevance; (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect; and (4) whether the Court can give a limiting instruction.  *Huddleston v. United States*, 485 U.S. 681, 691 (1988).

Importantly, "[w]here evidence is offered under Rule 404(b), the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000) (internal quotation marks and citation omitted).  In doing so, "[t]he government must articulate precisely the evidentiary hypothesis by

2

which a fact of consequence may be inferred from the other acts evidence" so that the trial court can "identify specifically the permissible purpose for which such evidence is offered and the inferences to be drawn therefrom." *Id.* However, "a broad statement merely invoking or restating Rule 404(b) will not suffice." *Id.*

### A. Defendant's 2013 felony conviction for unlawful delivery of methamphetamine is inadmissible under Rule 404(b).

The Government first seeks to admit Defendant's 2013 felony conviction for unlawful delivery of methamphetamine. Dkt. No. 37 at 2. But, as explained below, the Government fails to satisfy its burden for admission.

To satisfy the first prong of *Huddleston*, the Government argues that Defendant's 2013 conviction is offered to prove his knowledge and intent. *Id.* at 2-3. As to knowledge, the Government claims that his 2013 conviction can be used to rebut Defendant's defense that "he did not know his co-defendant was delivering the methamphetamine and that he is a victim of circumstance." *Id.* at 3. However, the Government is unclear on whether it will use Defendant's prior conviction to show that he knew the alleged substance was methamphetamine, that he knew the substance was in his or his co-defendant's possession, or that he knew his co-defendant intended to deliver the substance. In other words, the Government fails to "articulate precisely" which fact may be inferred from his 2013 conviction. *Youts*, 229 F.3d at 1317. Thus, at this stage, the Government cannot offer his 2013 conviction to prove Defendant's "knowledge."

The Government also argues that his 2013 conviction may be offered to prove intent. But intent to do what? The Government does not say. True, the Government cites several Tenth Circuit cases to argue that prior narcotics involvement may be admitted to prove intent. Dkt. No. 37 at 3 (citing *United States v. Cardinas Garcia*, 596 F.3d 788, 797-798 (10th Cir. 2010); *United States v. Cherry*, 433 F.3d 698, 700-701 (10th Cir. 2005); *United States v. Ramirez*, 63 F.3d 937, 943 (10th

Cir. 1995)). But merely invoking these authorities and Rule 404(b) is insufficient. *Youts*, 229 F.3d at 1317. Instead, the Government must specifically articulate what fact may be inferred from his 2013 conviction. *Id.* Because it has failed to do so here, his 2013 conviction cannot be offered to prove intent. And because the Government has not shown that it will be offered for a proper purpose, his 2013 conviction cannot be admitted under Rule 404(b).

The Government also fails to articulate the 2013 conviction's relevance. As a threshold matter, the Government does not identify which fact becomes more or less probable upon the 2013 conviction's admission. And even if it had, the relevance of a prior criminal act (particularly when it is being offered to demonstrate a defendant's state of mind) depends in large part upon how close it is in time to the charged conduct. Actions taken by a defendant years prior to the charged conduct have little to no relevance to the issue of Defendant's state of mind at the time of the charged conduct. *See, e.g., United States v. Perry*, No. CR-24-158-RAW, 2024 WL 4993384, at *2 (E.D. Okla. Dec. 5, 2024) (holding that drug conviction more than years before charged conduct was stale). Because the Government fails to explain how Defendant's twelve-year old conviction is ripe and makes a particular fact more or less probable, it has little to no relevance.

Finally, even if Defendant's 2013 conviction was submitted for a proper purpose and was relevant, the danger of unfair prejudice substantially outweighs that relevance. Introduction of a prior conviction "generally carries a risk of unfair prejudice to the defendant" and this risk is particularly heightened where the prior conviction is similar to pending charges against Defendant. *Old Chief v. United States*, 519 U.S. 172, 185 (1997). The risk of unfair prejudice here is obvious; upon learning that Defendant has previously been convicted of unlawful delivery of methamphetamine, a juror may be lured "into a sequence of bad character reasoning" and find that Defendant committed the charged acts. *Id.* This danger significantly outweighs any unidentified

relevancy. Because the Government has not satisfied its burden under *Huddleston* and *Youts*, Defendant's 2013 conviction is inadmissible under Rule 404(b).

### B. Defendant's 2021 Misdemeanor Conviction for Uttering a Forged Instrument is inadmissible under Rule 404(b).

The Government also seeks to admit Defendant's 2021 misdemeanor conviction for uttering a forged instrument under Rule 404(b). But, the Government does not articulate how this evidence is admissible to prove Defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Nor does the Government identify any material fact that his 2021 conviction makes more or less probable. As such, any relevance the Court can ascertain would be propensity evidence that Defendant is a habitual criminal. Thus, the danger of unfair prejudice significantly outweighs any of the 2021 conviction's relevance, and it is not admissible under Rule 404(b).

## II.   THE GOVERNMENT'S RULE 609 NOTICE

Should Defendant testify, the Government seeks to impeach his character for truthfulness with these two prior convictions under Rule 609. Dkt. No. 38 at 1. For the following reasons, Defendant's 2021 misdemeanor conviction for uttering a forged instrument is admitted for impeachment purposes, but his 2013 felony conviction for unlawful delivery of methamphetamine is not.

### A. Defendant's 2013 prior conviction for unlawful delivery of methamphetamine is inadmissible for impeachment purposes.

Under Rule 609, if Defendant testifies, then any of his prior felony convictions within the last ten years "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). In the context of Rule 609, the Tenth Circuit has identified five factors that courts should consider when deciding whether to exclude evidence of a defendant's prior convictions: (1) the impeachment value of the defendant's prior offenses; (2)

5

the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). For the following reasons, these factors weigh against admission.

### 1. Impeachment Value

When evaluating the impeachment value of Defendant's prior crimes, "a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021). Indeed, "[p]rior convictions that require[ ] proof of dishonesty for conviction are more probative of a witnesses' credibility than other crimes." *United States v. Gigena*, No. 24-CR-228-TS, 2025 WL 1071040, at *2 (D. Utah Apr. 9, 2025). However, Defendant's previous felony conviction is for unlawful delivery of methamphetamine, which does not require deceit or dishonesty under Oklahoma law. *See* 62 Okla. Stat. § 2-401(B)(1). Further, multiple courts within the Tenth Circuit agree that drug convictions generally have minimal probative value of a defendant's character for truthfulness. *See, e.g.*, *United States v. Thomas*, No. 23-CR-041, 2023 WL 4585919, at *3 (N.D. Okla. July 18, 2023); *United States v. Austin*, 641 F. Supp. 3d 1193, 1205 (D. Utah 2022); *United States v. Phillips*, 487 F. Supp. 3d 1126, 1131 (D.N.M. 2020). For these reasons, this factor weighs against admission.

### 2. Temporal Proximity

The second factor considers the duration of time between Defendant's prior convictions and the current case. Importantly, "a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at

6

*2 (N.D. Okla. June 4, 2021) (quoting *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)). In contrast, "the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id.*

Defendant was indicted in this case on August 13, 2025. Dkt. No. 3. The oldest conviction the Government seeks to admit is his 2013 felony conviction for unlawful delivery of methamphetamine, for which he was incarcerated until December 24, 2016. Dkt. No. 38 at 1. So, in the near nine years since his release, Defendant has only incurred one misdemeanor where he was ordered to pay a $50.00 fine. *Id*. The length of time between his prior conviction and the current case, as well as his relatively clean record since his release, weigh against admission.

### 3. Similarity to Charged Crime

The third *Smalls* factor, which compares the similarity of the current charged crime to Defendant's prior convictions, "weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *Caldwell*, 760 F.3d at 288). Indeed, "[t]he greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id.*

That danger is significant here. Indeed, Defendant is being charged with drug conspiracy and distribution of methamphetamine, which is very similar to his 2013 felony conviction for unlawful delivery of methamphetamine. Accordingly, there is a likelihood of a jury inferring criminal propensity to commit the crimes charged if his 2013 felony conviction is admitted. Therefore, this factor weighs against admission.

### 4. Importance of Defendant's Testimony

When considering the fourth factor, "the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *United States v. Cueto*, 506 F. Supp. 9, 14 (W.D. Okla. 1979)). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id.*

This factor weighs against admission as well. As stated above, Defendant's 2013 felony conviction is very similar to his current charges. In turn, the jury is more likely to infer criminal propensity to commit the crimes charges if he is impeached with his 2013 felony conviction. Due to the potential prejudice he may suffer for choosing to testify, this factor also weighs against admission.

### 5. Centrality of Credibility

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id.* (citing *Caldwell*, 760 F.3d at 288).

While evidence in this case may include Defendant's testimony, a significant portion of this case will also rely on lay witness testimony, expert testimony, chemical analysis reports, photographs, video, text messages, and other records. For this reason, the Court finds that

Defendant's credibility is less central at trial. Thus, impeachment by his 2013 conviction is not as important, and this factor weighs against admission as well.

Following a review of the *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)). Because all five of the *Smalls* factors weigh against admission, the prejudicial effect of Defendant's 2013 felony conviction for unlawful delivery of methamphetamine outweighs its probative value. Accordingly, the Government may not impeach Defendant with his 2013 felony conviction unless Defendant opens the door while testifying.

**B. Defendant's 2021 conviction for uttering a forged instrument is admissible for impeachment purposes.**

However, Defendant's prior conviction for uttering a forged instrument is admissible. Indeed, under Rule 609(a)(2), "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—-a dishonest act or false statement." Fed. R. Evid. 609(a)(2). A conviction for uttering a forged instrument has an element of a dishonest act and is therefore admissible under Rule 609(a)(2). *See United States v. Nace*, No. CR-21-198, 2022 WL 686307, at *2 (E.D. Okla. Mar. 8, 2022); *see also* Okla. Unif. Jury Instr. CR 5-69. Accordingly, Defendant's 2021 conviction for uttering a forged instrument is admissible. Such admission will be limited to "a showing of the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Commanche*, 577 F.3d 1261, 1270 (10th Cir. 2009).

## **CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's 2013 felony conviction for unlawful delivery of methamphetamine is INADMISSIBLE as evidence of another crime, wrong, or act under Rule 404(b) and is INADMISSIBLE for impeachment purposes under Rule 609.

IT IS FURTHER ORDERED that Defendant's 2021 misdemeanor conviction for uttering a forged instrument is INADMISSIBLE to show another crime, wrong, or act under Rule 404(b) but is ADMISSIBLE for impeachment purposes under Rule 609.

These rulings are preliminary and subject to change as trial unfolds. *Commanche*, 577 F.3d at 1270.

Dated this 30th day of October, 2025.

                                                 JOHN F. HEIL, III
                                               UNITED STATES DISTRICT JUDGE